UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Lloyd George Maxwell, | ) | CASE NO.: 4:08CV2330 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN ADAMS |
| | ) | |
| | ) | |
| Joseph Gunja, Warden, et al., | ) | **ORDER AND DECISION** |
| | ) | |
| Respondents. | ) | |
| | ) | |

This matter appears before the Court on a petition filed by Lloyd George Maxwell pursuant to 28 U.S.C. § 2241. In his petition, Maxwell asserts that Respondents improperly disallowed him good time credits. Upon due consideration, the Court finds no merit in the petition. Therefore, it is ordered that the petition is hereby DENIED.

**I.     Facts**

Maxwell was convicted of conspiracy and attempt to possess with intent to distribute five or more kilograms of cocaine. *See U.S. v. Maxwell*, 46 F.3d 1128 (4th Cir. 1995) (table decision). As a result of his convictions, Maxwell was sentenced to 240 months in prison.

On May 14, 2008, an incident report was filed against Maxwell, alleging several violations that took place on May 8, 2008. A discipline hearing officer ("DHO") report indicates that notice of the hearing scheduled for June 11, 2008 was provided on May 14, 2008. Furthermore, the DHO report indicates that on May 15, 2008, Maxwell was informed of each of his rights by a DHO. As detailed in that report, a hearing was held on June 11, 2008. At the conclusion of the

evidence, the DHO found that Maxwell had committed the infractions as charged. Specifically, Maxwell was found to have received money for a prohibited purpose and to have been conducting a business. As a result of these findings, Maxwell lost 27 days of good conduct time and 90 days of his commissary privilege. Maxwell was also placed in 20 days disciplinary segregation.

On October 1, 2008, Maxwell filed this petition, alleging two grounds for relief.

> Ground One: Whether DHO's 217-disallowance of 27 days loss of Maxwell's were unreasonable & whether his BP-230 appeal was timely filed.
>
> Ground Two: Whether DHO & BOP are deliberately indifferent by violating Maxwell's right of access to court & deprived him.

Doc. 1 at 5. The Court has reviewed each of the grounds in the petition and finds that they lack merit.

## II.     Law and Analysis

### A.  Timeliness of administrative appeal

In his petition, Maxwell claims that the BOP improperly denied his administrative appeal as untimely.[1] As the Court has reviewed the merits of Maxwell's petition, he can show no prejudice from this alleged error.

### B.  Challenge to disciplinary proceeding

Maxwell challenges numerous aspects of his disciplinary proceeding. The Court reviews each of those contentions, but first sets forth the standard of review.

It is not this Court's role to determine witness credibility or weigh the evidence when reviewing a disciplinary conviction. Instead, this Court must uphold a disciplinary action if it is supported by "some evidence." *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455-56 (1985). This standard is satisfied where "there is any evidence in the record that could

---

[1] Based on Maxwell's representations, the Court will excuse as futile his apparent failure to properly exhaust administrative remedies.

support the conclusion reached by the disciplinary board." *Id.* Therefore, even assuming this were a due process challenge, a district court has no authority to review a disciplinary committee's resolution of factual disputes. *Id.* at 455.

Maxwell first appears to contend that his due process rights were violated by the proceeding. When a prisoner faces the loss of good time credits, due process requires that a prisoner receive the following hearing rights: 1) written notice of the hearing at least twenty-four hours in advance; 2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and 3) a written statement by the factfinder of the evidence relied on and the reason for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974).

While his argument is difficult to follow, Maxwell contends that his rights were violated when he was questioned during the disciplinary process without being advised of his *Miranda* rights. *Miranda*, however, is inapplicable to prison disciplinary proceedings. *Montgomery v. Anderson,* 262 F.3d 641, 646 (7th Cir. 2001) (citing *Baxter v. Palmigiano*, 425 U.S. 308 (1976)). Accordingly, Maxwell's argument regarding *Miranda* lacks merit.

It does not appear that Maxwell raises a general due process claim, but out of an abundance of caution the Court will review such a claim. The record reflects that Maxwell was given advance notice of the charges against him. Doc. 1-4 at 7. Furthermore, Maxwell was informed of his right to present evidence and "requested no witnesses." *Id.* at 8. Finally, Maxwell was provided a written statement detailing the evidence relied upon by the DHO. *Id.* at 8-9. Accordingly, Maxwell has not demonstrated any violation of his due process rights.

Maxwell next appears to challenge the quantity of the evidence offered against him. In the statement of the evidence in support of his finding, the DHO details a letter written by Maxwell

to Mrs. Rosa Pena. In that letter, Maxwell requested a payment of $1,500 for legal services he had performed and indicated that he had previously received $35 for his services. During the hearing, Maxwell admitted to having signed and sent that letter.

Maxwell appears to contend that the letter was simply a fiction that he had dreamed up in his head, i.e., that no money had changed hands and that he had never entered into an agreement that would require such a payment. In support, Maxwell relies upon his own statement in which he stated "the only evidence is my letter to the party without he agrees to it."[2] Doc. 1-4 at 2. As such, Maxwell appears to be arguing that he had not formed a valid contract with Ms. Pena and therefore did not commit an infraction.

As detailed above, the disciplinary decision need only be supported by "some evidence." The letter relied upon by the DHO clearly detailed a transaction prohibited by prison regulations. Contrary to Maxwell's contentions, the Court need not find that a formal binding contract existed to support the discipline. Furthermore, Maxwell's claim depends upon this Court finding that the letter lacks credibility. As detailed above, this Court does not review the credibility of the evidence before the DHO. Consequently, the Court finds that there is some evidence in the record to support the DHO's decision.

In his third argument, Maxwell contends that he should have been given a psychological evaluation prior to the disciplinary proceeding. However, the record indicates that Maxwell has no history of any mental illness. Doc. 1-4 at 9. The Court cannot agree that Maxwell's statement that he "wasn't in [his] right state of mind when he committed the offense" is sufficient to mandate a psychological evaluation. This claim, therefore, lacks merit.

Fourth, Maxwell appears to argue that the DHO that conducted the hearing had a conflict

---

[2] Maxwell also contends that the "without" in his statement was changed to "which" by the DHO. The Court does not address this argument as it has found that the underlying letter to Ms. Pena is itself sufficient to support the DHO's conclusion.

of interest. "In order to insure impartiality, the DHO may not be the reporting officer, investigating officer, or UDC member, or a witness to the incident or play any significant part in having the charge(s) referred to the DHO." 28 C.F.R. § 541.16(b). The record does not indicate that this federal regulation was violated relative to Maxwell's disciplinary hearing. Rather, Maxwell appears to be arguing that since the DHO also served as his Unit Manager that a conflict of interest existed. Even if Maxwell's allegations were true, there would still be no violation of the federal regulation insuring impartiality, as the allegations do not run afoul of the federal regulations. Accordingly, Maxwell has made no showing that he received an impartial disciplinary hearing.

Finally, Maxwell appears to contend that his sanction was too harsh. Specifically, Maxwell argues that his fifteen years of time without an infraction should have been considered when determining his discipline. However, case law supports the revocation of 27 days of good time credit for non-violent abuses while in federal custody. *See Wooten v. Patton*, Case No. Civ.A. 06-CV-40, 2006 WL 1635608 (E.D.Ky. June 6, 2006) (abuse of telephone privilege); *Roque-Espinoza v. Outlaw*, Case No. 04-2660-M1/P, 2006 WL 840425 (W.D.Tenn. Mar. 30, 2006) (bribing a BOP staff member); *Talouzi v. O'Brien*, Case No. Civ.A. 05-CV-127, 2006 WL 13115 (E.D.Ky. Jan. 3, 2006) (detailing sanction for stealing data that was discussed in prior § 2241 petition). Consequently, this Court cannot say that the discipline imposed in this matter was improper.

In conclusion, the Court notes that Maxwell mentions numerous other issues in his petition. At times, Maxwell mentions racial discrimination and sexual harassment in different papers filed with the petition. The petition contains no prayer for relief for such allegations, nor would such a prayer for relief be proper in a § 2241 petition. Accordingly, the Court has not addressed those

allegations.

### III. Conclusion

Having found no merit in the grounds raised by Petitioner, the Court orders that the Petition be DENIED.

The Court certifies, pursuant to 28 U.S.C. §1915(A)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed.R. App.P. 22(b).

IT IS SO ORDERED.

October 30, 2008 /s/ John R. Adams
JUDGE JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE